# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven M. Maus, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 09-cv-628-PAC/JJK |
| Brian N. Toder, and | ) **ORDER DENYING MOTION** |
| Chestnut & Cambronne, P.A., | ) **FOR PRELIMINARY INJUNCTION** |
|     Defendants. | ) |

Before the Court is Plaintiff Maus's motion for a preliminary injunction. Maus seeks a preliminary injunction enjoining and restraining Chestnut & Cambronne from enforcing a lien it holds on Maus's partnership-dissolution trust account.

**I.    BACKGROUND**

This is an action for an accounting, usury, recision of an agreement to provide legal services, and breach of fiduciary duty. Between 2001 and 2005 the Chestnut & Cambronne law firm, where Defendant Brian Toder works as an attorney, represented Steven Maus in a partnership dissolution matter. See Maus v. Galic, 669 N.W.2d 38 (Minn. App. 2003). The relationship soured sometime in 2005 in a dispute of fees. In December of 2005 Chestnut & Cambronne brought a motion to establish and enforce an attorney's lien on Maus's partnership-dissolution trust account. See Minn. Stat. § 481.13. In response, Maus alleged usury, violation of the Truth in Lending Act, and Rule 1.8 of the Minnesota Rules of Professional Conduct (fiduciary duty). On April 15, 2006, a Special Master granted Chestnut & Cambronne's motion for an attorney's lien without making any findings as to Maus's allegations. The lien amount is $81,778.93. The dissolution trust account is on deposit with the Hennepin County District

Court. A Minnesota district court approved the special master's decision on April 19, 2006. Maus v. Galic, No. 99-5673 (Hennepin County Dist. Ct. April 19, 2006). The Special Master's order, which was approved by the district court, contained the following findings of fact:

1. "Maus" retained "C&C" in the fall of 2001 to serve him in the above lawsuit continuously until the end of February of 2005 when "Maus" fired "C&C" and rehired his attorney, John G. Westrick.

2. "Maus" never established that "C" ever agreed to cap its legal services at $50,000.00.

3. "Maus" and "C&C" executed a written fee agreement on January 29, 2004 entitled "agreement to provide legal Services". (Ex. A. Second Affidavit of Brian N. Toder).

4. "C&C" billed "Maus" for $94,043.93 remaining unpaid. "C&C" later reduced that amount to $81,778.93 by deducting $12,265.00, erroneously charged to him.

5. "Maus" failed to prove that "C&C" ever agreed to provide legal services on a contingent fee basis.

6. "Maus" failed to prove that "C&C" was not entitled to charge for services rendered in an attempt to obtain a fair accounting.

7. "Maus" failed to prove that "C&C" charged "Maus" for interest. In fact "C&C" merely added finance charges to "Maus" for delinquent invoices. "C&C" later waived all finance charges.

8. "C&C" has provided reasonable, fair and equitable legal services to "Maus" in the unpaid amount of $81,778.93

9. "C&C" has perfected it lien pursuant to Minn. Stat. Sec.481.13.

Id.

The lien against the partnership-dissolution trust account was to be payable at the time of the final distribution. In its counterclaim Chestnut & Cambronne states that it has not collected on the lien although demand has been made.

An appeal was taken and lien affirmed. Maus v. Galic, No. A06-1183, (2007 WL 1248160)(Minn. Ct. App. May 1, 2007). In affirming the lien, the Minnesota Court of Appeals noted that "Maus is not barred from bringing a separate action for usury, Truth in Lending Act violations, or breach of fiduciary duty." Id. The Court explained that proceeding to establish an attorney's lien are summary in nature and the defenses raised by Maus were grounded in law rather than fact and thus inappropriate for resolution in a summary proceeding. Id. The current action was filed March 18, 2009.

## II. DISCUSSION

In determining whether preliminary injunctive relief should be granted the Court is required to consider the factors set forth in Dataphase Sys. Inc. v. C L Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981). The Dataphase factors require consideration of "(1) the movant's probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest." Wachovia Securities L.L.C. v. Stanton, 571 F. Supp. 2d 1014, 1032 (N.D. Iowa 2008)(citing Dataphase Sys. Inc., 640 F.2d at 114). The burden of establishing the necessity of a preliminary injunction is on the movant. Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994).

The Court must assess the likelihood of success based upon the record before it. The potential res judicata effect of the State court proceedings which established the lien looms large. Maus has not rebutted the Defendants' res judicata argument and as such a likelihood of success on the merits has not been established.

Money damages would appear to be the appropriate relief should Maus be successful. Where alleged injury can be remedied by money damages irreparable harm is not present. <u>Guy Carpenter & Co., Inc. V. John B. Collins Assoc., Inc.</u>, 179 Fed. Appx. 982 (8th Cir. 2006). The threat of irreparable harm has not been established.

The balance of harms favors maintaining the status quo. No irreparable harm has been shown. The lien in question was established in 2006 and to date Chestnut & Cambronne has not been able to collect.

No compelling public interest necessitating a preliminary injunction has been established.

### III. CONCLUSION

After carefully reviewing the entire record, the Court finds that Maus has not met his burden of establishing the necessity of a preliminary injunction. Most telling in the Court's review is the lack of irreparable harm and the potential res judicata effect of the earlier sate court proceedings. Accordingly, the motion for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of July, 2009.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

4